UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH DENNIS BROWN,

        Petitioner,

v.                               CASE NO. 2:06-15132
                                 HONORABLE AVERN COHN
THOMAS BELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Keith Dennis Brown (Petitioner) challenges his sentence for possession of less than twenty-five grams of cocaine. Petitioner's sole claim is that the trial court failed to provide substantial and compelling reasons for departing from the state sentencing guidelines. Because, as will be explained, this claim is not cognizable on habeas review and lacks merit when construed as a constitutional claim, the petition will be denied.

### II. Background

Petitioner was charged in Jackson County, Michigan with possession of less than twenty-five grams of cocaine, possession with intent to distribute an imitation controlled substance, and resisting and obstructing a police officer. On August 12, 2005, Petitioner pleaded guilty in Jackson County Circuit Court to possession of less than twenty-five grams of cocaine, Mich. Comp. Laws § 333.7403(2)(a)(v). In return, the prosecutor dismissed the other two charges and agreed to reduce a charge of habitual

offender, fourth offense, to habitual offender, third offense. Although the sentencing guidelines called for a minimum sentence of zero to twenty-five months, the trial court sentenced Petitioner as a habitual offender to imprisonment for a minimum of three years and a maximum of eight years. Petitioner appealed his sentence, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented. People v. Brown, No. 267701 (Mich. Ct. App. Feb. 10, 2006). On June 26, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. People v. Brown, 715 N.W.2d 876 (2006) (table). Petitioner filed his habeas corpus petition on November 16, 2006.

### III. Discussion

### A.

Petitioner alleges that he must be re-sentenced because the trial court failed to provide substantial and compelling reasons for departing from the state sentencing guidelines. Although state law requires judges to provide a substantial and compelling reason for departing from the sentencing guidelines, see Mich. Comp. Laws § 769.34(3) and Mich. Ct. R. 6.425(E)(1)(e), the alleged violation of Michigan law is not a basis for habeas relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)). As such, the petition must be denied on this ground.

2

**B.**

Petitioner also argues that his sentence violates the Sixth Amendment to the United States Constitution. Petitioner contends that the trial judge relied on facts, which were not decided by a jury beyond a reasonable doubt, nor admitted at the plea. According to Petitioner, the trial court assumed that he intended to sell some fake cocaine, which the police found on him. Petitioner asserts that there was no evidence he intended to sell the substance and he did not admit to delivery of the substance when he pleaded guilty.

The Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." Cunningham v. California, __ U.S. __, __, 127 S. Ct. 856, 863-64 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Id. at 860. "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely v. Washington, 542 U.S. 296, 303-04 (2004)(emphasis in original).

Petitioner's reliance on Blakely and on United States v. Booker, 543 U.S. 220 (2005), is misplaced. Booker applies to defendants convicted of federal crimes, and a majority of the Supreme Court in Blakely indicated that its decision applied only to determinate sentencing systems. See Blakely, 542 U.S. at 308-09. Michigan, however,

3

has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. People v. Claypool, 684 N.W.2d 278, 286 n.14 (2004). "[B]ecause a Michigan defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to have violated, that maximum sentence constitutes the 'statutory maximum' as set forth in Blakely." People v. Drohan, 715 N.W.2d 778, 791 (2006).[1]

Petitioner's maximum sentence of eight years fell within the statutory maximum for a habitual offender. See Mich. Comp. Laws § 333.7403(2)(a)(v)(providing a maximum sentence of four years for possession of less than twenty-five grams of cocaine); Mich. Comp. Laws § 333.7413(2)(permitting the maximum sentence to be doubled for repeat violations of a controlled substance statute). Therefore, Petitioner's sentence did not implicate Blakely. Habeas relief is not warranted on this ground.

### IV. Conclusion

For the reasons stated above, the petition is **DENIED**. This case is **DISMISSED**.

**SO ORDERED.**

Dated: August 31, 2007                    s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

---

[1] The Michigan Supreme Court recently reaffirmed its holding in Drohan that Michigan's indeterminate sentencing scheme is valid under Blakely. See People v. Harper, __ N.W.2d __, __, No. 130988, 2007 WL 2141263, at *5 (Mich. Sup. Ct. July 26, 2007).

4

**06-15132 Brown v. Bell**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Keith Brown, 190616, Carson City Correctional Facility, 10522 Boyer Road Carson City, MI 48811 on this date, August 31, 2007, by electronic and/or ordinary mail.

                                                    s/Julie Owens
                                                    Case Manager, (313) 234-5160