UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH DENNIS BROWN,

        Petitioner,

v.                                        CASE NO. 2:06-15132
                                           HONORABLE AVERN COHN

THOMAS BELL,

        Respondent.
_____/

## ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Keith Dennis Brown (Petitioner) challenged his sentence for possession of less than twenty-five grams of cocaine. Petitioner's sole claim was that the trial court failed to provide substantial and compelling reasons for departing from the state sentencing guidelines. The Court denied the petition on the grounds that the claim is not cognizable on habeas review and lacked merit when construed as a constitutional claim. See Opinion and Order Denying Petition for Writ of Habeas Corpus, filed August 31, 2007. Before the Court is Petitioner's motion for a certificate of appealability (COA). For the reasons that follow, the motion will be denied.

II.

Before Petitioner can appeal the Court's decision, a COA must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, such as the statute of limitations, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

2

III.

Having carefully reviewed the file, including Petitioner's motion, the Court finds that for all the reasons stated in the August 31, 2007 order, reasonable jurists would not debate whether the petition should be denied. Accordingly, a COA is DENIED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Keith Brown, 190616, Carson City Correctional Facility, 10522 Boyer Road Carson City, MI 48811 on this date, October 1, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160